# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**REBECCA JEAN JONES**                                                                       **APPELLANT**

**V.**                                           **NO. 4:16-CV-246-DMB**

**DOROTHY MORGAN**                                                           **APPELLEE**

## ORDER DISMISSING APPEAL

This bankruptcy appeal is before the Court sua sponte for consideration of jurisdiction.

## I
## Relevant Procedural History

On November 3, 2015, Rebecca Jean Jones filed a notice of appeal seeking to appeal two orders issued by United States Bankruptcy Judge Jason D. Woodard—an order granting relief from an automatic stay, and an order denying reconsideration of the order lifting the stay. *Jones v. Morgan*, No. 4:15-cv-176 (N.D. Miss. filed Dec. 7, 2015) ("*Jones I*"), at Doc. #1. On August 15, 2016, this Court entered a memorandum opinion and order dismissing Jones' appeal for failure to file a complete record. *Id.* at Doc. #46.[1] The order provided that "Jones may supplement the record within thirty (30) days of the date of this order and … move for reinstatement of the appeal." *Id.* Jones did not move to reinstate her appeal and, on November 28, 2016, this Court entered a final judgment dismissing the appeal without prejudice. *Id.* at Doc. #51.

On December 14, 2016, Jones filed this bankruptcy appeal seeking to appeal the same two orders at issue in the dismissed appeal. Doc. #1. There has been no activity in this case

---

[1] A complete procedural history of the underlying bankruptcy proceedings may be found in the August 15, 2016, memorandum opinion and order.

since the filing of the notice of appeal.

## II
## Jurisdiction

Pursuant to 28 U.S.C. § 158(a):

The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees;

and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

"The failure to file a timely notice of appeal in a bankruptcy case deprives … the district court … of jurisdiction." *In re Dorsey*, __ F.3d __, No. 16-31085, 2017 WL 3821248, at *1 (5th Cir. Sep. 1, 2017).

As an initial matter, "an order granting relief from an automatic stay is a final and appealable order." *In re Chunn*, 106 F.3d 1239, 1241 (5th Cir. 1997). Pursuant to Bankruptcy Rule 8002(a)(1),[2] "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." If, however, a party files a motion to alter or amend judgment under Bankruptcy Rule 9023 or for relief under Bankruptcy Rule 9024, the time to file an appeal runs from the entry of the order disposing of the motion. Fed. R. Bankr. P. 8002(b)(1)(B), (D).

As this Court explained in its order dismissing Jones' first appeal, Jones' time to file a

---

[2] "An appeal under subsection[] (a) ... shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2).

notice of appeal of the two orders began to run on October 22, 2015, when the Bankruptcy Court denied reconsideration of its order lifting the stay. She filed her first notice of appeal twelve days later on November 3, 2015. After this Court entered a final judgment in her first appeal on November 28, 2016, Jones waited sixteen days, until December 14, 2016, to file her second notice of appeal. Accordingly, the second notice of appeal—the one at issue here—was filed 419 days after the fourteen-day period to appeal began to run on October 22, 2015. Even if Jones was given the benefit of equitable tolling during the pendency of her initial appeal (391 days) and was afforded two three-day mailbox periods[3] (one from October 22, 2015, and one from November 28, 2016), her appeal would still be untimely by approximately eight days. Therefore, this appeal must be dismissed for lack of jurisdiction. *See In re Dorsey*, 2017 WL 3821248, at *2 (where notice of appeal was untimely, "district court correctly determined that it lacked jurisdiction").

### III
### Conclusion

Because Jones' notice of appeal [1] was filed outside the fourteen-day period to appeal, this appeal is **DISMISSED** for lack of jurisdiction. A final judgment consistent with this opinion will issue separately.

**SO ORDERED**, this 7th day of September, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] *See* Fed. R. Bankr. P. 9006(f) (providing additional three days after service by mail).